UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**SHERWIN BILLINGSLEA,**                              CASE NO.:

      Plaintiff,

v.

**WASTE MANAGEMENT INC. OF FLORIDA**

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff SHERWIN BILLINGSLEA (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, sues Defendant, WASTE MANAGEMENT INC. OF FLORIDA (hereinafter "Defendant" or "WASTE MANAGEMENT"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); the Americans with Disabilities Act ("ADA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/or transacts its affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5.  Plaintiff is an individual BLACK male residing in Broward County, Florida for all times relevant to this action.

6.  Defendant is a For Profit Florida Corporation.

7.  At all times relevant to this action, Plaintiff was an employee of Defendant.

8.  At all times relevant to this action, Defendant is an employer with 50 or more employees.

9.  At all material times, PLAINTIFF was employed by Defendant WASTE MANAGEMENT.

10. At all material times, PLAINTIFF was employed as a truck driver by Defendant.

## STATEMENT OF FACTS

11. Plaintiff brings forth this action in Federal Court pursuant to the 42 U.S.C. § 1981, Title VII and ADA.

12. At all material times, Defendant GRACE LOPEZ (hereinafter "LOPEZ" or "Defendant LOPEZ") was and is a Hispanic female employed by Defendant WASTE MANAGEMENT as PLAINTIFF's Route Manager.

13. At all material times, Defendant's LOPEZ held direct supervisory authority over PLAINTIFF.

14. At all material times, Defendant's PASQUALE VISORE (hereinafter "VISORE" or "Defendant VISORE") was and is a Hispanic male employed by Defendant WASTE MANAGEMENT as PLAINTIFF's Operations Manager.

15. At all material times, Defendant's VISORE held direct supervisory authority over PLAINTIFF.

16. At all material times, LOPEZ would yell at and berate Black employees for being minutes late but would not reprimand Hispanic employees for the same behavior.

17. At all material times, LOPEZ did not refer to Black employees by name, LOPEZ referred to all the Hispanic employees by name.

18. At all material times, PLAINTIFF reported such incidents with Defendant's Human Resource Department.

19. On or around January 6, 2019, PLAINTIFF suffered an eye injury and his left eye vision was severely blurred.

20. On or about January 6, 2019, PLAINTIFF's left eye was seemingly irritated, and his vision was severely impaired.

21. On or about January 6, 2019, PLAINTIFF visited an Urgent Care and was diagnosed with bacterial conjunctivitis of the left eye.

22. At all material times, the physician at the urgent care prescribed PLAINTIFF antibiotics and was told to follow up with PLAINTIFF's primary physician if the issue had not resolved.

23. On or about January 10, 2019, PLAINTIFF's vision remained blurry. PLAINTIFF decided to make a follow up appointment to a specialist.

24. On or about January 10, 2019, PLAINTIFF called in to Time off Planning System (hereinafter referred to as "TOPS"), to use one of his sick days.

25. On or about January 11, 2019, PLAINTIFF visited the University of Miami's Bascom Palmer Eye Institute Emergency Room.

26. At all material times, The University of Miami's physician diagnosed PLAINTIFF with a corneal abrasion of the left eye.

27. At all material times, Physician informed PLAINTIFF of the concern of vison loss and the unavoidable interference the loss of vision would cause on his job duties.

28. At all material times, University of Miami's doctor prescribed eyedrops to be administered every hour and to continue taking the originally prescribed antibiotic.

29. On or about January 11, 2019, PLAINTIFF informed his Route Manager LOPEZ of his diagnosis and that he had follow up appointments on January 14, 2019 and also on January 17, 2019.

30. On or about January 11, 2019, after informing LOPEZ, PLAINTIFF then called in to TOPS to request the next day as a sick day.

31. At all material times, for every day PLAINTIFF needed a sick day PLAINTIFF called TOPS.

32. At all material times, for everyday PLAINTIFF needed to take a sick day, PLAINTIFF sent text messages to his Route Manager LOPEZ.

33. On or about January 16, 2019, PLAINTIFF notified Defendant's LOPEZ of his scheduled Doctor's appointment on January 17, 2019.

34. On or about January 17, 2019, PLAINTIFF went to his scheduled appointment and received clearance to return to work the following day.

35. On or about January 18, 2019, Defendant's LOPEZ and VISORE terminated PLAINTIFF for three (3) days of failing to report for a workday.

36. At all material times, PLAINTIFF was wrongfully terminated on account of his disabilities and in retaliation to his opposition to and reporting of harassment and discrimination by Defendants.

37. As a result of Defendants' discriminatory treatment, PLAINTIFF suffered and continues to suffer severe emotional distress and physical ailments.

38. PLAINTIFF suffers from regular panic attacks and nightmares as a result of Defendants' conduct. PLAINTIFF has difficulty sleeping and eating.

39. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, PLAINTIFF demands Punitive Damages.

41. PLAINTIFF claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

42. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected PLAINTIFF. Upon information and belief, the discrimination and retaliation will continue after the date of this Charge and PLAINTIFF hereby makes a claim for all continuing future harassment and retaliation.

43. Defendants have established a pattern and practice of discrimination and harassment through their actions.

44. Upon information and belief, the discrimination and retaliation will continue after the date of this complaint and PLAINTIFF hereby makes a claim for all continuing future harassment and retaliation.

45. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

48. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

49. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

50. The above are just some examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**

51. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 50 and further alleges as follows.

52. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

53. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge

of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

54. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

55. Plaintiff BILLINGSLEA suffered an eye injury, which left his left eye vision severely blurred.

56. Plaintiff notified Defendant of his injury; Defendant acknowledged his request.

57. Defendant violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's injury.

58. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

59. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 50 and further alleges as follows.

60. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

61. Plaintiff informed Defendant of his scratched cornea.

62. Defendant terminated Plaintiff BILLINGSLEA'S employment as a result of his disability.

63. Defendant violated the above and Plaintiff suffered numerous damages as a result.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

   b. Issue an order prohibiting further discrimination;

   c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

   d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**AS A THIRD CAUSE OF ACTION**</u>
<u>**HOSTILE WORK ENVIRONMENT UNDER**</u>
<u>**THE AMERICANS WITH DISABILITIES ACT**</u>

64. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

65. Defendant subjected Plaintiff to harassment and the harassment was motivated by Plaintiff BILLINGSLEA disability.

66. Defendant treated Plaintiff harshly and ultimately terminated Plaintiff because of his disability.

67. The conduct was so severe and pervasive that a reasonable person in Plaintiff BILLINGSLEA position would find Plaintiff BILLINGSLEA work environment to be hostile or abusive.

68. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

   b. Issue an order prohibiting further discrimination;

   c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

   d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION
## RACIAL DISCRIMINATION AND HARASSMENT § 1981

69. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

70. This is an action for discrimination and harassment because of race and national origin under Section 1981. Plaintiff is a Black male.

71. At all times relevant, Plaintiff was treated differently because his race.

72. Defendant and Defendant's LOPEZ subjected Plaintiff to a hostile work environment because he is a Black man.

73. Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

74. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

75. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

76. Defendants violated the above and Plaintiff suffered numerous damages as a result.

77. Plaintiff makes a claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

78. Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER § 1981

79. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

80. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

81. The harassing conduct was directly connected to Plaintiff BILLINGSLEA race and national origin.

82. Defendant delegated LOPEZ the supervisory authority to control Plaintiff BILLINGSLEA work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff BILLINGSLEA working environment would believe Defendant's conduct was severe or pervasive enough to have

altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

83. Defendant's discriminatory conduct was not welcomed by Plaintiff BILLINGSLEA.

84. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

85. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

86. As a result of Defendant's violations of § 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

      **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

    b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**AS A SIXTH CAUSE OF ACTION**</u>
<u>**RETALIATION UNDER § 1981**</u>

87. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

88. Defendant discriminated against Plaintiff because he was a black.

89. Plaintiff complained about the discriminatory treatment he received based on his race.

90. Plaintiff was terminated after he complained about the discriminatory treatment based on his race.

91. Shortly after Plaintiff BILLINGSLEA complaints, Defendant terminated Plaintiff.

92. The retaliatory actions taken against Plaintiff world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

93. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A SEVENTH CAUSE OF ACTION
### RACIAL DISCRIMINATION AND HARASSMENT UNDER
### TITLE VII

94. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

95. Title VII states in relevant part as follows:

   (a) Employer practices: It shall be an unlawful employment practice for an employer:

      (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

96. Plaintiff BILLINGSLEA race and national origin was a motivating factor in the Defendant's treatment of Plaintiff, including but not limited to terminating his employment.

97. Defendant's intentionally altered Plaintiff work environment because of his race.

98. Defendant treated Plaintiff less favorably than similarly situated employees outside Plaintiff's protected class.

99. Defendant intentionally subjected Plaintiff to a hostile work environment on account of Plaintiff BILLINGSLEA race.

100. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

101. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS A EIGHTH CAUSE OF ACTION**
**RETALIATION UNDER TITLE VII**

102.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1

through paragraphs 50 above.

103.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a)

provides that it shall be unlawful employment practice for an employer: "(1) to . . .

discriminate against any of his employees . . . because she has opposed any practice made

an unlawful employment practice by this subchapter, or because she has made a charge,

testified, assisted or participated in any manner in an investigation, proceeding, or hearing

under this subchapter."

104.     Shortly after Plaintiff complaints, Defendant's terminated Plaintiff.

105.     The retaliatory actions taken against Plaintiff world deter a reasonable person from

making or maintaining a complaint of discrimination and/or harassment against Defendant.

106.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal

employment practices, including suffering economic damages, compensatory damages,

emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment

of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in

violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating

Plaintiff with all promotions and seniority rights to which he is entitled, or

award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A NINTH CAUSE OF ACTION
## FCRA (RACE DISCRIMINATION)

107.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

108.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

109.     Plaintiff is an individual of African American descent and is therefore a member of protected classes within the meaning of the applicable law.

110.     At all relevant times, Plaintiff was an employee under the FCRA.

111.     Plaintiff is and was protected against discrimination under the FCRA.

112.     At all relevant times, Plaintiff was qualified to do his job and other jobs at Defendant.

113.     At all relevant times, Defendant treated Plaintiff differently because he is black.

114.     Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

115.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages,

17

emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A TENTH CAUSE OF ACTION
### FCRA (DISABILITY DISCRIMINATION)

116.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 50 above.

117.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

118.    Plaintiff was unable to see and therefore unable to complete daily life activities therefore a member of protected classes within the meaning of the applicable law.

119.    At all relevant times, Plaintiff was an employee under the FCRA.

120.    Plaintiff is and was protected against discrimination under the FCRA.

121.    At all relevant times, Plaintiff was qualified to do his job and other jobs at Defendant.

122.    At all relevant times, Defendant treated Plaintiff differently due to his disability and his necessary accommodations.

123.    Defendant replaced Plaintiff with a member outside of Plaintiff's protected class.

124.    Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

125.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**WHEREFORE**, Plaintiffs alternatively demands judgment against defendant for the

reasonable value of their services and/or the amount by which defendants were unjustly enriched, interest, costs, prejudgment interest and such other relief as the Court deems fair and just.

## **JURY DEMAND**

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Dated: March 9, 2020

Respectfully Submitted,

/s/ *Tiffani-Ruth Brooks*
Tiffani-Ruth Brooks
Fla. Bar No. 1010664
Derek T. Smith Law Group. PLLC
100 SE 2nd Street, Suite 2000
Miami, FLL 33131
Tel: (305) 946-1884
Facsimile: (305) 503-6741
tiffani@dereksmithlaw.com